The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on two questions concerning Opinion No. 91-132. That opinion discussed, in part, the late-filing fees required under the "Disclosure Act for Public Initiatives, Referendums, and Measures Referred to Voters by the General Assembly," codified at A.C.A. § 7-9-401et seq. You note that Opinion No. 91-132 states:
 It is my opinion that the Secretary of State's office has the responsibility to enforce payment of the fee. The officer accepting the filing of the financial statement should not do so unless the total sum of all late fees accompanies the filing. This method will ensure that the fees will be paid, or they will continue to accumulate.
Opinion No. 91-132 at 3.
Your first question regarding this topic is whether your office really has any authority to refuse to accept a report without payment of the late fees when refusing to accept would increase the liability of the filer. You ask "what authority [your] . . . office can use in order to lawfully refuse to file a document until late fees are paid."
The language from Opinion No. 91-132 above was not intended to set out a legal requirement or authority of your office, but rather, was offered as a suggestion of how you might exercise your administrative responsibilities under the act. The act does not set out expressly how these fees are to be collected, and indeed, does not state that your office has "authority" to refuse to accept a report for filing if the late fees are not paid. The act does state, however, in three places, that persons who file late reports "shall pay a late-filing fee of ten dollars ($10.00) for each day the [report] remains unfiled." See A.C.A. §7-9-404 (a)(2) and (c), and § 7-9-409(b).[1] Although the act does not say to whom the late-filing fee is to be paid, in my opinion it may reasonably be inferred that such fees are to be paid to the Secretary of State at the time of filing. It is therefore my opinion that you may reasonably construe the act as requiring the payment of the late fee upon filing.[2]
Your second question is as follows:
 If this office accepts a report, although late filing fees have accumulated and will continue to accumulate on unfiled reports, are we precluded from collecting fees which accumulate on the unfiled reports after acceptance of a current report?
This is also a question which is not governed by the act. The answer to this question, in my opinion, may be dependent upon the facts surrounding a particular filing, and is left to your judgment as the administrator of the act. It is my opinion, however, that in many instances your office would not be precluded, as a matter of law, from seeking to enforce the payment of late filing fees which are mandatory under the act.[3] This conclusion obtains, however, only upon an attempted filing of the late report. Your authority to charge late fees is operative only upon the filing of a report. If reports remain unfiled, the applicable enforcement method under the act is to refer the matter to the prosecuting attorney so that misdemeanor charges may be instituted. See A.C.A. §7-9-403.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This language is mandatory; that is, the late filing fee is due upon all late filings, and is not to be charged or forgiven at the discretion of the Secretary of State. Therefore, to withstand a challenge by a party against whom a fee has been assessed, it must be uniformly applied.
[2] Your office has received advice and counsel from this office as to how to proceed in the collection of late-filing fees in several particular factual situations arising under the provisions of the act. This opinion does not in any manner alter the advice given you as to those particular incidents.
[3] Again, as to disputed late-filing fees on which you have received the advice of this office, nothing herein is intended to alter the advice given as to those particular incidents.